Meldie M. Moore, Esq., Bar No. 171882
Sirine M. Yared, Esq., Bar No. 340758
**MOORE LAW FOR CHILDREN, APC**
361 Forest Avenue, Suite 201
Laguna Beach, CA 92651
Telephone: (949) 336-7711
Facsimile: (949) 755-7511

Timothy A. Adams, Esq., Bar No. 213896
**TIMOTHY A. ADAMS & ASSOCIATES, APLC**
1930 Old Tustin Ave., Suite A
Santa Ana, CA 92705
Telephone: (714) 698-0239
Facsimile: (714) 698-0243

Attorneys for Plaintiffs,
C.J., et al

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.J., et al. ) | |
| ) | |
| Plaintiffs, ) | CASE NO. **8:22-cv-01540** |
| ) | |
|    vs. ) | |
| ) | |
| ) | **COMPLAINT** |
| CENTRALIA ELEMENTARY SCHOOL ) | |
| DISTRICT ) | |
| Defendant. ) | |
| _____ ) | |

## JURISDICTION AND VENUE

    1.     This action arises under the Individuals with Disabilities Education Act [20 U.S.C. § 1400 *et seq*.] ("IDEA")[1] and pendent state law as hereafter more fully appear.

---

[1] The IDEA was reauthorized in 2004 as the Individuals with Disabilities Education Improvement Act ("IDEIA"). For simplicity and consistency with prior case law, this Complaint will refer to the statutory scheme as the IDEA.

This court has jurisdiction under and by virtue of 20 U.S.C. § 1400 *et seq.*; 42 U.S.C. § 1983; 34 C.F.R. § 300 *et seq.*; 20 U.S.C. Section 1415(i)(3)(A) and Section 1415 (i)(3)(B).

2.      Plaintiffs C.J. ("Father") and C.C.J. ("Mother") are the parents of Plaintiff E.J. ("Student"). At all times, relevant to this complaint, Father and Mother resided in the State of California, County of Orange. At all times relevant to this complaint, Student was a minor child residing in the State of California, County of Orange with his parents.

3.      Student is a child with a disability within the meaning of that term as defined under 20 U.S.C. § 1401(3)(A)(i) and is a child with exceptional needs within the meaning of that term as defined in Cal. Educ. Code § 56026, and therefore is entitled to receive special education and related services. Special education services are delivered to students through an individualized education program ("IEP") developed at a meeting by a team of individuals which include, at a minimum, the student's parents and school district personnel.

4.      Defendant Centralia Elementary School District ("District") is a governmental agency located within the County of Orange, State of California, and conducting business therein.

5.      Pursuant to Federal Law, disputes under the IDEA are handled in an administrative "due process" hearing. 20 U.S.C. § 1415(f).

6.      A prevailing parent in a due process matter is entitled to an award of attorneys' fees for the successful prosecution of that matter. 20 U.S.C. § 1415(i)(3)(B). The district courts of the United States shall have jurisdiction of actions brought under this section. 20 U.S.C. § 1415(i)(3)(A).

## FACTUAL ALLEGATIONS

7.      Plaintiffs hereby incorporate and re-allege Paragraphs 1–6 above and incorporate the same as though fully set forth herein.

8.      Student is a nine (9) year old boy who has resided with his Mother and Father within the boundaries of the District at all times relevant to this complaint.

9.      Student is eligible for special education and related services as defined by the IDEA and by the District during all times relevant to this complaint.

10.     On or about October 25, 2021, Student filed a due process hearing request with the Office of Administrative Hearings ("OAH") – the state agency responsible for

administering due process hearings. The Student's October 25, 2021 due process complaint was designated OAH Case No. 2021100727.

11.     On or about November 4, 2021, the District filed a notice of representation and response to due process request with OAH.

12.     In this matter, Student raised five (5) issues, designated Issues 1–5 by OAH, (1) whether Respondent violated the substantive protections of the individuals with disabilities education act ("IDEA") and denied FAPE by failing to offer appropriate placement, services and supports during the statutory period; (2) whether Respondent violated the procedural protections set forth in IDEA and the California Education Code by failing to draft measurable goals resulting in a denial of FAPE during the statutory period; (3) whether Respondent violated the substantive protections set forth in IDEA and California Education Code when they failed to implement the IEP during distance learning or offer compensatory education thereafter; (4) whether Respondent violated the procedural protections set forth in IDEA and the California Education Code by failing to provide a Prior Written Notice ("PWN") within fifteen (15) days of a change in services; and (5) whether Respondent violated the substantive protections of IDEA by failing to conduct a new Functional Behavior Assessment ("FBA") and updating the Behavior Intervention Plan ("BIP") when Student's behaviors increased from December 2020 through May 2021.

13.     In this matter, the District did not raise any issues.

14.     At the pre-hearing conference held March 18, 2022, Student's issues as alleged in Student's complaint were clarified and designated as Issues 1–4 by the Administrative Law Judge ("ALJ") presiding over the pre-hearing conference, ALJ Tara Doss, (1) whether Respondent denied Student a FAPE, from October 25, 2019, through the date Student's complaint was filed on October 25, 2021, by failing to: (A) develop measurable goals, (B) offer appropriate services in the areas of reading intervention, counseling, and aide support, and (C) offer appropriate placement; (2) whether Respondent denied Student a FAPE, from March 20, 2020, through April 2021, by failing to implement Student's IEP during distance learning, and by failing to offer compensatory education as a result of distance learning; (3) whether Respondent denied Student a FAPE by failing to provide Parents with prior written notice within fifteen (15) days of its failure to implement RAVE-O reading intervention program in Student's December 15, 2020 IEP; and (4) whether Respondent denied Student a FAPE, from

March 20, 2020, through May 2021, by failing to conduct a new functional behavior assessment and updating the behavior intervention plan.

15.     The matter was heard by ALJ Penelope S. Pahl on March 29, and 30, 2022 and April 1, 5, 6, 7, 11, 12, 2022.

16.     At the conclusion of the due process hearing Student requested the dismissal of Issue Three: whether Respondent denied Student a FAPE by failing to provide Parents with prior written notice within fifteen (15) days of its failure to implement RAVE-O reading intervention program in Student's December 15, 2020 IEP. The Issues were designated as Issues 1 – 4 by ALJ Pahl, (1) whether Respondent denied Student a FAPE, from October 25, 2019, through the date Student's complaint was filed on October 25, 2021, by failing to: (A) develop measurable goals, (B) offer appropriate services in the areas of reading intervention, counseling, and aid support, and (C) offer appropriate placement; (2) whether Respondent denied Student a FAPE, from March 20, 2020, through April 2021, by failing to implement Student's IEP during distance learning, and by failing to offer compensatory education as a result of distance learning; and (3) whether Respondent denied Student a FAPE, from March 20, 2020, through May 2021, by failing to conduct a new functional behavior assessment and updating the behavior intervention plan.

17.     ALJ Pahl rendered her decision on or about May 20, 2022. Her ALJ Pahl's decision stated that:

- The District prevailed on Issue 1A;
- Student partially prevailed on Issue 1B and the District prevailed on Issue 1B;
- Student partially prevailed on Issue 1C and the District prevailed on Issue 1C;
- Student partially prevailed on Issue 2 and the District prevailed on Issue 2; and
- The District prevailed on Issue 3.

18.     ALJ Pahl made a number of legal and factual errors which resulted in an inconsistent decision with regard to her ruling on Issues One, Two, and Three.

## FIRST CAUSE OF ACTION
## PARTIAL APPEAL OF THE OAH DECISION

1. Plaintiffs hereby incorporate and re-allege Paragraphs 1–18 above and incorporate the same as though fully set forth herein.

2. ALJ Pahl erroneously decided that Student failed to meet his burden of proof as to the entirety of Issue 1A, part of Issue 1B, part of Issue 1C, part of Issue 2, and the entirety of Issue 3.

## **REQUESTS**

WHEREFORE, Plaintiffs respectfully request the following relief:

1. That ALJ Pahl's decision be overturned as to the entirety of Issue 1A, part of Issue 1B, part of Issue 1C, part of Issue 2, and the entirety of Issue 3.

2. That, upon the successful prosecution of this matter, Parents be awarded their reasonable attorneys' fees as a prevailing party in this appeal.

For such other and further relief as the Court deems just and proper.


Dated:   08/16/2022          MOORE LAW FOR CHILDREN, APC



By: _____

Meldie M. Moore, Esq.
Attorneys for Plaintiffs, C.J., et al.

Dated:   08/17/2022          TIMOTHY A. ADAMS & ASSOCIATES, APLC



By: _____

Timothy A. Adams, Esq.
Attorneys for Plaintiffs, C.J., et al.